**Matthew Scott FINLEY, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2012–SC–000465–KB.**

Supreme Court of Kentucky.

Sept. 20, 2012.

### *OPINION AND ORDER*

Pursuant to SCR 3.480(2), Movant, Matthew Scott Finley, KBA Number 88413, moves this Court to enter an Order to impose a public reprimand upon him for

---

his admitted violation of SCR 3.130–8.4(c), as set forth in the Charge in KBA file 19503. Finley was admitted to the practice of law in Kentucky on October 23, 2000, and maintains a bar roster address of 257 Burke Road, Lexington, Kentucky 40511.

This matter concerns the resolution of an administrative proceeding before the Executive Branch Ethics Commission ("Commission"), based on Finley's employment as an attorney with Kentucky State Government, which was resolved by a settlement agreement. In the settlement agreement, Finley admitted to breaching the Executive Branch Code of Ethics and agreed to and paid a $2,000.00 civil penalty. Specifically, Finley admitted that by using his official position with the Kentucky State Government for his own financial gain, "in derogation of the public interest at large," he violated KRS HA.020($l$)(c) and (d).[1]

The Kentucky Bar Association ("KBA") now charges that Finley violated SCR 3.130–8.4(c) by using his official position for financial gain. SCR 3.130–8.4(c) provides that "It is professional misconduct for a lawyer to ... engage in conduct involving dishonesty, fraud, deceit or misrepresentation." In this disciplinary proceeding, Finley acknowledges that his violation of KRS 11A.020(1)(c) amounts to a violation of SCR 3.130–8.4(c).

These proceedings are the result of Finley bringing his personal laptop computer to work and using it, in his downtime, to post answers to questions posted on the JustAnswer.com website for profit. The posting of these answers did not interrupt his work assignments. However, Finley occasionally used his office's Westlaw account to do research before posting an answer to the questions asked on the website. The investigation carried out by the Office of Inspector General disclosed that Finley made thirty-six searches on Westlaw relating to JustAnswer.com questions. Finley disputes the number of searches he made relating to JustAnswer.com, but acknowledges that his use of the office's Westlaw account and the use of his downtime while at work for the furtherance of his online employment was improper. Therefore, Finley admits that he engaged in conduct that violated SCR 3.130–8.4(c).

Finley now moves for a public reprimand to resolve KBA File 19503. The KBA has no objection to Finley's motion and believes that a public reprimand is an appropriate sanction for his violation of SCR 3.130–8.4(c). *See Kentucky Bar Association v. Pat Harris,* 269 S.W.3d 414 (Ky.2008) (An attorney was sanctioned with a public reprimand, after adjudication by an administrative agency, for violating Kentucky state employment policies.).

Pursuant to SCR 3.480(2), where an attorney and the KBA have agreed to a negotiated sanction, this Court may approve the sanction or remand the case for further proceedings. Having thoroughly reviewed the record in this case, we agree with the KBA that a public reprimand is the appropriate sanction here, and thus grant Finley's motion. Thus it is ORDERED that:

1. Movant, Matthew Scott Finley, KBA Member No. 88413, is adjudged guilty of the charge made in KBA File 19503;

---

1. KRS 11A.020(1) provides: "No public servant, by himself or through others, shall knowingly ... (c) Use his official position or office to obtain financial gain for himself or any members of the public servant's family; or (d) Use or attempt to use his official position to secure or create privileges, exemptions, advantages, or treatment for himself or others in derogation of the public interest at large."

2. Movant is therefore given a public reprimand for the misconduct;

3. In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings in the amount of $44.13 for which execution may issue from this court upon finality of this Order.

All sitting. All concur.

ENTERED: September 20, 2012.

/s/ John D. Minton, Jr.
    Chief Justice